UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MANUEL QUINONES,

                                                          Plaintiff,        MEMORANDUM AND ORDER
                                                                                         Case No. 06-cv-1626 (TLM)
        -against-

ATLANTIC HYUNDAI,

                                                         Defendant
------------------------------------------------------------X

**TUCKER L. MELANÇON, Senior United States District Judge:**

      Before the Court are defendant Atlantic Hyundai's Motion to Bifurcate [Rec. Doc. 68], plaintiff's counsel Kenneth Pagliughi's Affirmation in opposition thereto [Rec. Doc. 92], and defendant's Reply in further support thereof [Rec. Doc. 100], and defendant's nine motions in limine [Rec. Docs. 70, 72, 74, 76, 78, 80, 81, 89, 109], plaintiff's counsel's affirmations in opposition thereto [Rec. Docs. 93-98, 107], and defendant's reply memoranda in further support thereof [Rec. Docs. 101-106, 108]. For the reasons that follow, defendant's Motion to Bifurcate [Rec. Doc. 68] will be DENIED, defendant's First, Second, Fourth and Fifth Motions in Limine [Rec. Docs. 70, 72, 76, 89] will be GRANTED, defendant's Eighth Motion in Limine [Rec. Doc. 81] will be DENIED AS MOOT with respect to the testimony of Dexter Lewis and DENIED with respect to the imposition of sanctions, and defendant's Third, Sixth, Seventh and Ninth Motions in Limine [Rec. Docs. 74, 78, 80, 109] will be DENIED.

**I.    Background**

      Plaintiff asserts a disparate treatment discrimination claim against defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, arising from the termination of his

1

employment with defendant in November of 2004.

## II. Discussion

### A. Defendant's Motion to Bifurcate

Bifurcation is governed by Rule 42(b) of the Federal Rules of Civil Procedure, which permits separate trials "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy[.]" The question of "whether to bifurcate a trial into liability and damages phases is a matter within the sound discretion of the trial court." *Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 15 (2d Cir.1988). After due consideration of the Motion, based on the factors enunciated in Rule 42(b), the Court finds that bifurcation is not necessary or appropriate in this case, and defendant's Motion is denied.

### B. Defendant's Motions in Limine

#### 1. Evidence Relating to Discrimination at Atlantic Chevrolet Cadillac

In defendant's First Motion in Limine, it moves to exclude evidence relating to alleged discrimination at Atlantic Chevrolet Cadillac ("ACC"), including evidence relating to a consent decree and settlement agreement between ACC, the Equal Employment Opportunity Commission and Michael Opurum. ACC and defendant are both owned by John Staluppi, but they are separately managed and plaintiff puts forth no argument for treating them as a "single entity." Daniel Toomey, the manager who fired plaintiff, has never worked at ACC. As the probative value of evidence relating to alleged discrimination at ACC, if any, would be substantially outweighed by the danger of unfair prejudice if it is presented to the jury, *see* Fed.R.Evid. 403, such evidence may not be introduced.

#### 2. Testimony of Thomas Coppolla, Sergio Medina, Mario Valerius, and

Michael Doyle

In defendant's Second Motion in Limine, it moves to preclude Thomas Coppolla, Sergio Medina, Mario Valerius, and Michael Doyle from testifying. These witnesses were listed in plaintiff's Will Call Witness List [Rec. Doc. 63] as testifying in support of plaintiff's defamation claim, which has since been dismissed by order of this Court [Rec. Doc. 64]. As the statements on which plaintiff's defamation claim was based occurred after plaintiff was terminated, evidence relating to that claim is not relevant and may not be introduced. *See* Fed.R.Evid. 402. Therefore, Thomas Coppolla, Sergio Medina, Mario Valerius, and Michael Doyle are precluded from testifying at trial.

3. Testimony of Art Novell

In defendant's Third Motion in Limine, it moves to preclude John Staluppi, Art Novell, Michael Opurum and Pierre Medard from testifying. As Opurum and Medard are precluded pursuant to defendant's Second Motion in Limine, *see* Section II.B.2, and Staluppi is precluded pursuant to defendant's Fifth Motion in Limine, *see* Section II.B.5, the only issue remaining in the disposition of this Motion is whether Art Norvell should be allowed to testify. Defendant seeks to preclude Norvell from testifying pursuant to Fed. R. Civ. Proc. 37(c)(1), as plaintiff did not provide Norvell's name to defendant during discovery.

Trial courts have discretion in deciding whether to exclude testimony under Rule 37(c)(1), *see Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir.2006), and are to be guided by the following factors: "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of

a continuance." *Id.* Here, plaintiff claims he only discovered Norvell as a potential witness when he was preparing to oppose summary judgment, and the Court has no reason to doubt that explanation. Norvell's testimony will be important at trial, as he is a former employee of defendant who testified by affidavit that Daniel Toomey, the manager who fired plaintiff, regularly tolerated ethnic insults at the workplace.

The Court will exercise its discretion and allow Art Norvell to testify. If defendant chooses to depose Norvell before trial, plaintiff is to make him available for that purpose forthwith. Defendant's counsel is to notify plaintiff's counsel if he intends to depose Norvell within five (5) days of the date of the entry of this Order. Failure on the part of plaintiff's counsel to make Norvell available for the taking of his deposition will result in Norvell not being allowed to testify.

4. Testimony of Mercedes Quinones Regarding Liability

In defendant's Fourth Motion in Limine, it moves to preclude Mercedes Quinones from testifying at trial regarding defendant's liability. As plaintiff neither states that Mercedes Quinones has any personal knowledge of the events surrounding plaintiff's termination, *see* Fed.R.Evid. 602, nor puts forth any argument as to why her testimony regarding defendant's liability might be relevant, *see* Fed.R.Evid. 402, she may not give testimony at trial regarding defendant's liability.

5. Testimony of John Staluppi

In defendant's Fifth Motion in Limine, it moves to preclude plaintiff from calling John Staluppi to testify at trial. John Staluppi owns defendant, but plaintiff gives the Court no basis to believe that he actively manages the dealership or that he played any part in the decision to fire plaintiff. As plaintiff neither states that Staluppi has personal knowledge of the events surrounding plaintiff's termination, *see* Fed.R.Evid. 602, nor puts forth any argument as to why his testimony

4

might be relevant, *see* Fed.R.Evid. 402, he will not be required to testify at trial.

      6.   Evidence Relating to Discrimination against Defendant's Black Employees

In defendant's Sixth Motion in Limine, it moves to exclude evidence relating to alleged discrimination against defendant's black employees. Defendant points to no instance in which the Supreme Court or Second Circuit has ruled that other discrimination must be of the "same form" in order for evidence thereof to be relevant, nor does the Court's research lead to any. Further, neither defendant's briefing nor the Court's research reveals an instance where the Supreme Court or Second Circuit has ruled that alleged discrimination against a Puerto Rican employee must be classified as "national origin discrimination" rather than "race discrimination," and in light of plaintiff's allegations that Toomey once remarked to him that "[Mexicans and Puerto Ricans] are all spics, they're all the same," *inter alia*, it would, at any rate, be inappropriate to make such a classification in this case. Therefore, the Court will not issue a blanket order precluding the introduction of all evidence relating to discrimination against black employees, but rather will evaluate the relevance of such evidence as it is introduced. Plaintiff's attorney shall ask for a sidebar prior to the introduction of any such evidence.

      7.   Evidence of "Stray Remarks"

In defendant's Seventh Motion in Limine, it moves to exclude "evidence of stray remarks." Neither defendant's briefing nor the Court's research reveals an instance where the Supreme Court or Second Circuit has treated the "stray remarks" or "stray comments" concept as one of admissibility rather than one of sufficiency. Therefore, the Court will not issue a blanket order precluding the introduction of all evidence of "stray remarks," but rather will evaluate the relevance of evidence of racist remarks as it is introduced. Plaintiff's attorney shall ask for a sidebar prior to

the introduction of any such evidence.

8. Testimony of Dexter Lewis

In defendant's Eighth Motion in Limine, it moves to preclude Dexter Lewis from testifying at trial as Lewis is deceased, and for the imposition of sanctions against plaintiff for listing Lewis on his Will Call Witness List [Rec. Doc. 63]. The Court lacks the authority to deny defendant's former request, but in any event that request is moot. The Court will deny defendant's latter request as the imposition of sanctions under the circumstances is not warranted.

9. Evidence Relating to Unequal Pay

In defendant's Ninth Motion in Limine, it moves to exclude evidence relating to an alleged pay disparity between plaintiff and other similarly situated white employees. Plaintiff's allegation does not constitute a separate claim, but rather a piece of factual evidence to show that his termination was motivated by unlawful discrimination. "In a disparate treatment case like this, where the merits of the dispute turn on the employer's intent, there will rarely be direct evidence of such intent, and [one] must pay particular attention to circumstantial evidence which, if believed, would show discrimination." *Lomotey v. Connecticut-Dept. of Transp.*, 2009 WL 4430893, at *1 (2d Cir.2009). As evidence showing that plaintiff was paid less than similarly situated white employees may be relevant to the jury's determination of the motive behind his firing, defendant's Motion is denied.

### III. Conclusion

Based on the foregoing, it is

**ORDERED** that defendant Atlantic Hyundai's Motion to Bifurcate [Rec. Doc. 68] is DENIED, defendant's First, Second, Fourth and Fifth Motions in Limine [Rec. Docs. 70, 72, 76, 89]

6

are GRANTED, defendant's Eighth Motion in Limine [Rec. Doc. 81] is DENIED AS MOOT with respect to the testimony of Dexter Lewis and DENIED with respect to the imposition of sanctions, and defendant's Third, Sixth, Seventh and Ninth Motions in Limine [Rec. Docs. 74, 78, 80, 109] are DENIED.

**SO ORDERED.**

_____
Tucker L. Melançon
United States District Judge

April 28, 2010
Brooklyn, NY